UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT

HOUSTON DIVISION

**FREDERICK JEFFERY**

**PLAINTIFF**                                    **CASE No. 4:23-cv-00069**

**V.**

**CITY OF HOUSTON**

**GERALD M. GOINES**


**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**FOR VIOLATION OF CIVIL RIGHTS**

COMES NOW, Plaintiff Frederick Jeffery complaining of the City of Houston and

Gerald M. Goines in his individual capacity, and for cause of action would show as follows:

**II.**

**INTRODUCTION**

1.      This is a civil rights case brought under 42 U.S.C. §§1983, 1988 for the deprivation

of Frederick Jeffrey's rights under the Fourth and Fourteenth Amendments to the United

States Constitution and under the Americans With Disabilities Act.

1

2.     Frederick Jeffrey was in his home at 2811Nettleton St. in Houston, Texas on October 24, 2016.  Houston Police Department ("HPD") narcotics officers executed a search and arrest warrant at Mr. Jeffrey's residence in search of what was allegedly illegal narcotics.

3.     The Houston Police Department had no right to be at the residence of Frederick Jeffrey.  HPD was there to execute a search and arrest warrant based on a false affidavit, claiming an informant said that Frederick Jeffrey sold her a 1.2 gram of crack (cocaine).  However, there was no informant that purchased any narcotics from Frederick Jeffrey at the residence located at 2811 Nettleton St., or at any other location.

4.     Law enforcement is essential to public safety and security, especially in a city as large as Houston.  However, law enforcement has important limits.  There is no more fundamental right in the United States than the right to be secure in our homes against unreasonable searches and seizures.   In fact, HPD's mission statement reflects its obligation to work "within the framework of the U.S. Constitution to enforce the law …" and its commitment to the principle that "life and individual freedoms are sacred."

5.     HPD has more than a dozen divisions employing thousands of police officers who, for the most part, try to live up to that mission, often in heroic fashion and at great risk to their own safety.  However, as will be proven in this lawsuit, HPD had a very serious problem in Narcotics Squad 15 and with Officer Goines.  The problem is perverse, widespread, and longstanding.

It involves a pattern of corrupt, reckless, and unconstitutional conduct which endangers our citizens, rather than protecting them.  It has been allowed to grow into an entrenched and dangerous subculture with no accountability.  It has been allowed to thrive for years through deliberate indifference by supervisors up the chain of command all the way to the Chief's office and above.  When an entity "……; "(1) either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Moreno v. City of Brownsville*, 2011 U.S. Dist. LEXIS 96084 (S.D. Tex. 2011) (unpub.) (internal citations omitted) …."

…then there is a cause of action.


## III.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1343.  This Court has supplemental jurisdiction as to Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a)8.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendants are located, and the events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

## IV.

## PARTIES

7.     Plaintiff Frederick Jeffrey is a citizen of the United States and a resident of the State of Texas.  Accordingly, Plaintiff brings this suit in his individual capacity.

8.     Defendant City of Houston is a municipal corporation organized under the Constitution and laws of the State of Texas and located within the United States Southern District of Texas.  HPD is a governmental subdivision and a department of and is operated by the City of Houston. HPD sets policy for its police officers.  Defendant City of Houston may be served by serving the City Secretary, 900 Bagby Street, Houston, Texas 77002.

9.     Defendant Gerald M. Goines was employed by the City of Houston as a Houston Police Department officer who, at all times relevant to this action, was acting under color of law and within the scope of his employment as a Houston Police Department officer. Plaintiff files his complaint against Gerald M. Goines in his individual capacity.

## V.

## FACTS

10.    On October 24, 2016, narcotics officers from the South Narcotics Division of the Houston Police Department, a governmental subdivision of the City of Houston, Texas, under the direct supervision of Officer Gerald M. Goines, executed a search and arrest warrant at 2811 Nettleton St., Houston, Texas 77004, in Harris County, Texas.  According to the report submitted by the Houston Police Department, this residence was under investigation for eight (8) months prior to the execution of the warrant, and that on this

date Officer Goines sent a confidential informant ("CI") #5696 to purchase narcotics.   The

report submitted by Officer Goines alleged that CI #5696 purchased a piece of rock like

substance from Mr. Jeffrey at this residence and returned it directly to Officer Goines.

This rock like substance was tested and found to be 1.2 grams of cocaine.   In fact, CI

#5696 did **not** purchase this 1.2 grams of cocaine or any other illegal substances from

Plaintiff at 2811 Nettleton St. or at any other location.

11.     The affidavit submitted by Gerald M. Goines to Probable Cause Judge Ronald

Nicholas in support of probable cause for a search and arrest warrant at 2811 Nettleton

was entirely false.   It was deliberately and intentionally fabricated by Gerald M. Goines

for the sole purpose of obtaining a search and arrest warrant without any factual basis

whatsoever, and as a result Mr. Jeffrey was charged with Possession of A Controlled

Substance, convicted and sentenced to twenty-five years in prison.   Plaintiff, who suffers

with an extremely serious mental health disability, was incarcerated for over five (5) years

before his conviction was overturned by the Texas Court of Criminal Appeals. Gerald M.

Goines, who was employed by the Houston Police Department, a governmental

subdivision of the City of Houston, Texas, acting under color of law in his individual and

official capacity, *intentionally* and deliberately sought to deprive, and in fact deprived,

Plaintiff of his liberty in violation of the Fourth Amendment to the United States

Constitution that prohibits unreasonable searches and seizures, and Plaintiff's right to due

process and equal protection of law as guaranteed by the Fourteenth Amendment to the

United States Constitution, which serves as the basis for this suit under 42 U.S.C. §1983.

Furthermore, the City of Houston's Police Department and the Texas Department of Criminal Justice-Institutional Division, both of which are public entities for purposes of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, failed  to  make  any accommodations  during  Mr. Jeffrey's  arrest or incarceration in  order to

address his mental health disabilities,  and this is also actionable under 42 U.S.C. §1983.

12.    42 U.S.C.§1983 states that: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declatory decree was violated or declatory relief was unavailable for the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." (R.S.§1979, Pub. L. 96-170, §1, Dec. 29, 1979, 93 Stat. 1284, Pub. L. 104-317, title III, §309(c), October 19, 1996, 110 Stat. 3853.)

13.    42 U.S.C. §1983 is the primary remedial statute for asserting federal civil rights claims against local public entities, officers and employees.  To succeed on a Section 1983 claim, a plaintiff must prove that his constitutional rights were violated, and that the violation was caused by a person acting under color of law. *West v. Akins*, 487 U.S. 42,47

(1988); See also *Garza v.* Rios, Civil No. SA-19-CV-0451-OLG)(ESC) (W.D. Tex. May 10, 2019).

14.     The Due Process Clause of the United States Constitution is intended to secure an individual from an abuse of power by government officials, so that only intentional conduct is actionable under Section 1983.  Negligence is insufficient to incur Section 1983 liability.  *Daniels v. Williams*, 474 U.S. 327 (1986).  Plaintiff must prove the absence of probable cause, and in fact probable cause is an absolute bar to a Section 1983 claim. Since Mr. Goines acting under color of law lied in his probable cause affidavit and his testimony there is no probable cause available as a defense. The actions of Gerald M. Goines, acting under color of law as an employee of the City of Houston's Police Department, a governmental subdivision of the City of Houston, Texas cannot be characterized as "negligence."  Plaintiff has clearly proven from the record of the probable cause affidavit submitted by Gerald M. Goines of Plaintiff's arrest and conviction in this case, as well as the administrative reports surrounding the narcotics investigation purportedly conducted at 2811 Nettleton, that the South Narcotic Division of the Houston Police Department, operating as a governmental subdivision of the City of Houston, Texas and acting under the direct supervision of Houston Police Officer Gerald M. Goines, *intentionally* executed a search and arrest warrant that lacked any probable cause whatsoever, in violation of the Fourth Amendment to the United States Constitution, which requires reasonable searches and seizures, and also requires warrants for such to be supported by probable cause. **See Exhibit A: Administrative Forms – Narcotics**

**Investigation, 2811 Nettleton.**  Obviously, these reports in support of an affidavit were also fabricated under the direction of Gerald M. Goines at the South Narcotics Division of the Houston Police Department.

15.    Plaintiff has demonstrated that Gerald M. Goines, while acting in his official and personal capacity was directly involved in the constitutional deprivation of Plaintiff's civil rights in this case, and that there is a causal connection between his wrongful conduct and the constitutional violation.  *See Bell v. Livingston*, 356 App'x 715 716 (5th Cir. 2009); *Thompson v. Bell*, 828 F.2d 298, 304 (5th Cir. 1987).  Furthermore, the City of Houston, Texas either implements or allows its subordinate employees to implement policies governing the procedures and practices of its narcotics division of the police department that allows its law enforcement officers to fabricate information or submit false information to an intermediary, This information is falsified for the purpose of targeting citizens that are allegedly suspected of criminal conduct and which consistently results in the violation of Plaintiff's right to due process of law and the right to due process of law by over a hundred other persons as well. The Harris County District Attorney's Office has in fact stated publicly that Goines and his squad operated for years and arrested over 160 people strictly on the basis of either his false testimony or falsified affidavits.

16.    It cannot be disputed that the malicious motives of Gerald M. Goines led him to misdirect the judge of the Probable Cause Court, and thus his deliberations in approving the arrest and search warrant for the residence at 2811 Nettleton.  Therefore, the findings of probable cause remained tainted by the malicious actions of Gerald M. Goines as well

as throughout the prosecution of this case against Plaintiff.  *See Jennings v. Patton,* 644 F.3d 297, 300 (5th Cir. 2011).  The Fourth and Fourteenth Amendments to the United States Constitution guard against an arrest without probable cause.  *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).

17.     Furthermore, in this case, Gerald M. Goines, the Houston Police Department or any other governmental subdivision, department or entity of the City of Houston, Texas made any effort throughout the entire investigation and prosecution of this offense against Mr. Jeffrey to produce evidence of his actual innocence.  At any moment Goines or his supervisiors, had they investigated him earlier, could have offered up their knowledge that the evidence against Mr. Jeffery was false.  No probable cause existed for the residence at 2811 Nettleton St. and for a period of over five (5) years following Plaintiff's conviction for this offense no effort has ever been made to disclose this exculpatory evidence. This was clearly in violation of Plaintiff's Fourteenth Amendment right to Due Process. Exculpatory evidence of Mr. Jeffrey's innocence was concealed by the police in this case. The Seventh Court of Appeals has held that, "If police conceal exculpatory evidence and plaintiff is convicted, this is a violation of his "fair trial" rights under the 14TH Amendment Due Process Clause and is actionable under Section 1983. *" Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014).

18.     It was only after an application for writ of habeas corpus was filed on behalf of Plaintiff in this case that the Confidential Informant (CI #5696) admitted to the Harris County District Attorney's Office that she never purchased any narcotics from Plaintiff at

2811 Nettleton or any other location, and this remains an undisputed fact underlying Plaintiff's claim in this suit.

19.    Mr. Jeffrey continues to suffer with severe mental health disabilities that interfere with his ability to obtain gainful employment, housing and other necessities of life.  His mental health condition also prevents him from establishing long-term, meaningful relationships.  Mr. Jeffrey continues to suffer with anxiety, paranoia, and other mental and emotional issues on a daily basis, severely impacted by his arrest and incarceration for this offense.  His ability to trust and to live without fear impact him daily.

20.    The City of Houston, Texas failed in its duty and responsibility to ensure the quality of the training, procedures and practices of its law enforcement agents acting under color of law in the Houston Police Department's South Narcotics Division. The Houston Police Department failed to fulfill its duty through its policies, procedures, and practices as a governmental subdivision of the City of Houston, Texas to protect Mr. Jeffrey from unlawful arrest, conviction and incarceration. Gerald M. Goines, in his personal and capacity, is directly responsible for the ordeal Mr. Jeffrey suffered because of his arrest, conviction and incarceration for an offense he obviously did not commit.

21.    The actions of the named Defendants were a proximate cause and cause-in-fact of Mr. Jeffrey's incarceration.  The conduct of Defendants were motivated by malice and/or involved reckless and callous indifference to Mr. Jeffrey's constitutional rights. Defendants engaged in this conduct intentionally, willfully, and wantonly, and with deliberate indifference to, and reckless disregard for, Mr. Jeffrey's constitutional rights.

22.     It should also be emphasized that Plaintiff's ordeal is just one of many cases, dating as far back as January 28, 2019 when Gerald M. Goines and his narcotics squad initiated a no-knock raid at 7815 Harding Street, resulting in the death of two innocent citizens, Dennis Tuttle and Rhogena Nicholas and injuring five officers, one of which was permanently paralyzed as a result of his injuries.

23.     Clearly, the Narcotics Division of the City of Houston's Police Department has intentionally and deliberately, through a pattern of abuse of power by these government officials of the City of Houston, Texas egregiously violated the civil rights of other defendants over a period of many years, and whose convictions are under review and likely to be overturned.  **See Exhibit B of Factual Supplements: Hearing on State's Motion To Dismiss, Frederick Jeffrey.**

24.     This pattern of abuse by law enforcement officers employed with the City of Houston's Police Department in its South Narcotics Division, a governmental subdivision of the City of Houston, Texas serves as a horrible warning of what occurs when a city fails to police its own police. Plaintiff raises a legally cognizable claim against the City of Houston, Texas by the facts and supporting material in this case showing that his civil rights have been violated by the City of Houston, Texas.

## VI.

## PLAINTIFF'S SECOND CAUSE OF ACTION

25.     Plaintiff alleges that Defendant, the City of Houston, Texas and the Houston Police Department, a governmental subdivision of the City of Houston, Texas, violated the

Americans with Disabilities Act during the period of his incarceration following his arrest by the South Narcotics Division of the Houston Police Department. to wit:

26.     Plaintiff:

a.      was a person with a mental disability, as defined by the Americans With Disabilities Act at all times relevant hereto;

b.      had a mental disability which was open and plainly obvious to all persons who interacted with him (including Defendant Houston Police Department and its personnel);

c.      exhibited his mental illness to such an extent that it gave Defendant and its personnel actual knowledge of the substantial potential harm that would befall him in the Houston Police Department's conditions of confinement while it wrongly classified him as a criminal defendant who did not require mental health/medical care at all times he was assigned thereto;

d.      was especially vulnerable to the deleterious effects of the Houston Police Department's conditions of confinement (including his wrong classification as a criminal defendant who did not require or deserve mental health/medical care or transfer into conditions which would cause him to be protected rather than assaulted);

e.      was entitled to be free from discrimination because of his disability under the Americans with Disabilities Act, 42 U.S.C. §12131 et. seq.;

f.      was entitled to reasonable accommodations under the Americans with Disabilities Act, 42 U.S.C. §12131 et. seq.;

g.      was discriminated against by the Houston Police Department and its personnel due to his mental disability in that they did not appropriately accommodate him but instead treated him as a regular defendant without a mental illness;

h.      was discriminated against by the Houston Police department and its personnel due to his mental disability in that they denied him reasonable and appropriate standards of hygiene and medical care due to his disability; and

I.      was discriminated against by the Houston Police Department and its personnel due to his mental disability in that they denied him services and programming that would have accommodated his disability.

27.   Congress:

a.      enacted the Americans with Disabilities Act upon finding (*inter alia)* that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." (42 U.S.C. §12101(a)(2);

b.      explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination

against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." (42 U.S.C. §12101(b)(1)-(2); and

c.      proclaimed "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." (42 U.S.C. §12132).

28.    At all times relevant to this action, the Houston Police Department was a public entity within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

29.    Defendant City of Houston through its division of the Police Department:

a.    had actual notice that Plaintiff had a mental disability, was vulnerable, and required an accommodation;

b.    knew Plaintiff was suffering from severe and abnormal mental, emotional, or physical distress at all times relevant hereto;

c.    knew Plaintiff was experiencing substantial mental or physical deterioration of his ability to function independently;

d.    knew Plaintiff was unable to make a rational and informed decision as to whether or not to submit to treatment;

e.    violated the Americans with Disabilities Act by intentionally discriminating against Plaintiff (and refusing and failing to accommodate him) on the basis of his disability;

f.    treated Plaintiff in such a manner that evidences the fact that it arbitrarily singled him out for punishment on the basis of his mental disability, which affected his major life activities;

g.    has not adopted policies and procedures to ensure its employees reasonably accommodated people with mental disabilities, such as Plaintiff's;

h.      has not adopted policies and procedures to ensure its employees treat people with mental disabilities, such as Plaintiff's, in a non-discriminatory manner;

I.      was aware that Plaintiff's conditions of confinement were inhumane (particularly under the circumstances, given his mental disability);

j.      knew Plaintiff's conditions of confinement (including his wrong classification as a criminal defendant who did not require mental health/medical care) was harmful to Plaintiff, given his mental disability;

k.      witnessed Plaintiff's obvious mental health needs on a daily and routine basis throughout his incarceration;

l.      witnessed and were aware of Plaintiff's unconstitutional conditions of confinement on a daily and routine basis throughout his incarceration;

m.      was aware that Plaintiff's mental condition  was deteriorating during his time in the Houston Police Department's conditions of confinement because its employees interacted with him on a daily and routine basis.

n.      failed to take reasonable measures and accommodations to prevent harm being caused to Plaintiff, which was exacerbated by his conditions of confinement;

o.      punished Plaintiff for behavior which was clearly and unmistakably symptomatic of his deteriorating mental health;

p.      knew Plaintiff faced a substantial risk of serious mental or physical harm if his conditions of confinement did not meet contemporary standards of decency and the requirements of the ADA;

q.     acted with deliberate and callous indifference to said risk; and

r.     failed and refused to accommodate Plaintiff's disability and denied her the benefits and services of the jail by reason of his disability.

30.     Alternatively, Defendant City of Houston, Texas and the Houston Police Department, a governmental subdivision of the City of Houston, Texas, had no idea Plaintiff's mental health care was deteriorating every day he was in its custody because the Houston Police Department's accommodations with respect to him (and others like him) were so unreasonable that it knew it would/could not:

a.     receive such notice before inmates like him experienced an acute mental health event; and

b.     reasonably accommodate his medical/mental health needs.

31.     Defendant's discriminatory acts and failures and refusals to accommodate Plaintiff include:

a.     refusing to follow state procedures concerning involuntary commitment;

b.     denial of access to benefits and services (e.g., mental health care) provided to the other inmates;

c.     denial of access to benefits and services (e.g., mental health care) provided to other inmates because the Houston Police Department's classification system wrongly labeled him as a criminal defendant who did not require such benefits and services;

d.     refusing to provide Plaintiff with mental health care; and/or

e.     refusing to provide Plaintiff with medical care.

32.     Plaintiff requires (*inter alia) the following reasonable accommodations:*

a.      a classification system which did not label him as a criminal defendant who did not need mental health/medical care;

b.      a system which ensured that the Houston Police Department received notice of his transfer into its custody from a mental health facility;

c.      a system which ensured that the Houston Police Department received notice that he was not a criminal defendant at the time he was initially confined;

d.      a system which ensured that the Houston Police Department received notice of his mental health/medical needs;

e.      a system which attempted to discern his mental health needs upon his transfer to custody of the Houston Police Department;

f.      a system that would transfer him promptly to an alternate facilitythat could treat his mental health/medical needs;

g.      a system that did not blindly throw him into the snakepit that the Houston Police Department jail's general population without any regard for his known and plainly obvious mental health/medical needs;

h.      a system that ensured Houston Police Department personnel who had actual notice of a detainee's mental health/medical needs conveyed those needs to personnel of the Houston Police Department in a manner that appropriately addressed those needs;

I.      proper mental health screening according to current professional standards;

j.      doctors and medical professionals who ensured jail personnel were aware of Plaintiff's mental health issues;

k.      properly trained personnel who followed appropriate policies and procedures for detainees with mental health issues;

l.      appropriate protective custody, when needed;

m.     an advocate for him, prior to being seized, because he was mentally disabled;

n.      reasonable and appropriate mental health and medical care;

o.      reasonable mental health care; and

p.      reasonable and appropriate monitoring and observation.

33.     Defendant Houston Police Department violated Title II of the ADA by:

a.      excluding Plaintiff from participation in benefits and services provided to the other inmates by not accommodating his mental disability;

b.      denying Plaintiff the benefits and services provided to the other inmates because of his mental disability;

c.      subjecting Plaintiff to discrimination in the benefits and services provided to the other inmates because of his mental disability;

d.      refusing to have a reasonable system in place which could assess his mental health/medical needs;

e.      refusing to provide him with reasonable accommodations for his mental health/medical needs;

f.      having a classification system (or an inadequate training system) which improperly ensured he was mislabeled as a defendant who did not require mental health/medical care; and

g.      having an institutional culture which was so overwhelmed by the mental health needs of the population at the Houston Police Department's jail that it could not adequately assess (much less treat and accommodate) Plaintiff's mental health/medical needs.

34.     Defendant Houston Police Department failed to provide its employees with appropriate training regarding:

a.       detainees with mental health disabilities;

b.      detainees' rights to reasonable accommodations if they had mental disabilities;

c.      adequate means of classifying detainees with mental health issues;

d.      any method to ensure that detainees like Plaintiff were not improperly classified as criminal defendants who did not need mental health/medical care;

e.      how to acquire information from mental health care providers when people like Plaintiff are transferred therefrom into Defendant's custody;

f.      how to comply with doctors' directives concerning the mental health of detainees;

g.      how to recognize the signs that people in its custody like Plaintiff who are suffering acute psychiatric episodes;

h.      how to handle people in its custody like Plaintiff who are suffering acute psychiatric episodes;

I.      the Houston Police Department's duties to provide reasonable accommodations under federal law; and

j.      the manner in which Defendants could provide people with Plaintiff's disabilities with reasonable accommodations.

35.     Under the facts herein, Defendant Houston Police Department:

a.      failed and refused to accommodate Plaintiff's severe disability;

b.      denied Plaintiff the benefits and services of a facility designed to accommodate his disability;

c.      knew or should have known that persons with Plaintiff's disabilities/conditions are especially vulnerable to the conditions of confinement in the Houston Police Department's jail when they are classified as criminal defendants who do not need mental health/medical care;

d.      caused Plaintiff to suffer increased mental and physical harm that required treatment that was not provided; and

e.      denied Plaintiff access to the treatment necessary to address his mental and physical health needs.

36.     Due to the Plaintiff's disability, placement in the Houston Police Department's jail's conditions of confinement caused him to suffer additional punishment.

37.     As a proximate and foreseeable result of Defendant's discriminatory acts and omissions, Plaintiff suffered injuries including pain and suffering, emotional distress, and exacerbation of his disability.

38.     Rather than treat Plaintiff, Defendants chose to place him the Houston Police Department's conditions of confinement as a criminal defendant and continued to confine him there untreated.

39.     While in the Houston Police Department jail's confinement:

a.     Plaintiff did not have access to the basic programming and services received by other inmates at the facility (including mental health/medical care);

b.     Defendants failed and refused to provide Plaintiff with reasonable medical care;

c.     Defendants failed and refused to provide Plaintiff with reasonable mental health care; and

d.     Plaintiff's mental health seriously deteriorated.

40.     As Plaintiff's condition worsened almost immediately after being placed in the Houston Police Department jail's confinement, his behavior made it obvious he was in need of immediate medical and mental health care.

41.     Rather than provide the necessary mental health care, the Houston Police Department elected to use its conditions of confinement and the threat of felony prosecution in an attempt to control Plaintiff's behavior.

42.     As a proximate and foreseeable result of Defendant's conduct, Plaintiff suffered injuries including pain and suffering, emotional distress, and exacerbation of his disability/condition.

43.     Plaintiff seeks all damages available to him against the City of Houston due to its Police department's sub-division's actions under the Americans with Disabilities Act.

**Plaintiff Alleges Defendant Goines and the CITY of Houston through its  Police Department and Goines violated §504 of the Rehabilitation Act**

44.     The foregoing paragraphs are incorporated herein as if quoted verbatim.

45.     Section 504 states: "No [person} shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving federal funding assistance." 29 U.S.C. §794(a).

46.     Defendant Houston Police Department, as a law enforcement division of the City of Houston, is publicly funded and the recipient of federal funding; therefore, it falls within the ambit of Section 504.

47.     The Americans with Disabilities Act Amendments Act of 2008 (ADA AA (P.L.) (110-325) emphasizes that the definition of disability should be construed I favor of broad coverage of individuals to the maximum extent permitted by the terms of the ADA.

48.     The ADA amended Section 504 so as to incorporate the ADA by reference.

49.     Defendants' violations, as described above, violate Plaintiff's rights that are secured by Section 504, by discriminating against individuals with disabilities on the basis of disability.  29 U.S.C. §794.

50.     In conclusion, Plaintiff has identified violations of his procedural and substantive right to due process of law as the specific constitutional rights that have been infringed, has stated the violations of these clearly established rights and, therefore, has both standing and subject matter jurisdiction to bring the claims stated herein against the City

of Houston, Texas, a governmental subdivision of the City of Houston, Texas and Gerald M. Goines.  Furthermore, the facts are factually sufficient to further allow Plaintiff to proceed against the City of Houston, Texas and Gerald M. Goines.

## DAMAGES

51.     Plaintiff seeks damages in the amount of five million dollars against Defendant City of Houston and five million dollars against Defendant Gerald M. Goines.

### Exemplary Damages

52.     Plaintiff seeks exemplary damages against each individual Defendant.

## VII.

### Attorney's Fees

53.     Pursuant to U.S.C. §1988, Plaintiff is entitled to recover attorney's fees and costs.

## VIII.

### Jury Demand

54.     Plaintiff hereby demands a trial by jury.

## IX.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages, exemplary damages against all individual Defendants, pre- and post-judgment interest, attorney's fees and costs of court,

including expert fees, and all further relief, both legal and equitable, to which Plaintiff show himself justly entitled.

Respectfully submitted,

_/s/ Patrick F. McCann_____
Patrick F. McCann, Esq.
Law Offices of Patrick F. McCann
700 Louisiana, Ste. 3950
Houston, Texas 77002
713-223-3805
TBN 00792680

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Patrick F. McCann, do hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** was delivered electronically to the Defendant on the day of filing.

_/s/ Patrick F. McCann_____
Patrick F. McCann, Esq.
Law Offices of Patrick F. McCann
700 Louisiana, Ste. 3950
Houston, Texas 77002
713-223-3805
TBN 00792680

Counsel for Plaintiff

**EXHIBIT A:**

**ADMINISTRATIVE FORMS**

**NARCOTICS INVESTIGATION**

**2811 NETTLETON**

**EXHIBIT B:**

**HEARING ON STATE'S MOTION TO DISMISS-**

**FREDERICK JEFFREY**